**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION**

| | |
|---|---|
| KEYSTONE INDUSTRIAL SERVICES, INC., | ) |
|     Plaintiff/Counterclaim Defendant, | ) ) |
| v. | )    Case No. 3:24-cv-631-GSL-AZ |
| REAL ALLOY RECYCLING, LLC, | ) ) |
|     Defendant/Counterclaimant, | ) ) |
| v. | ) ) |
| BARRY KREIDER, *et al* | ) |
|     Counterclaim Defendants, | ) ) |
| -and- | ) ) |
| KEYSTONE INDUSTRIAL SERVICES, INC., | ) ) |
|     Cross-claimant, | ) ) |
| v. | ) ) |
| MANNELY JONES, *et al* | ) |
|     Crossclaim Defendants. | ) |

**FINDINGS, REPORT, AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE PURSUANT TO
28 U.S.C. § 636(b)(1)(B) & (C) and Local Rule 72-1**

This matter is before the Court on Counterclaim/Crossclaim Defendants' Motion to Set Aside Entry of Default [DE 57], filed by Mannely Jones a/k/a Mannely Morales, Mechanical Industrial Services 1, and Mechanical Maintenance 1, LLC (collectively, the "Mechanical Defendants"), on March 18, 2025. Real Alloy Recycling, LLC, filed a response on March 20, 2025, and the Mechanical Defendants filed their reply on April 9, 2025. On May 6, 2025, District Judge Gretchen Lund referred the

Motion to Set Aside Entry of Default to me for a report and recommendation pursuant to 28 U.S.C. § 636(b). DE 66. This Report constitutes the Court's proposed findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). For the following reasons, the Court recommends that District Court Judge Lund grant the Motion to Set Aside Entry of Default.

## Background

This case arises from a roof repair construction project and a subsequent contract dispute concerning payments for the job. *See* DE 5. Because of the involvement of subcontractors, the case expanded to include a number of counterclaims and crossclaims. Relevant to the issue at hand, Real Alloy Recycling asserted counterclaims against Keystone Industrial Services and added the Mechanical Defendants as additional "counter-defendants" (technically, third party-defendants) to its amended complaint. DE 31. The Mechanical Defendants were served on January 25, 2025, and their answer was due on February 18, 2025. DE 34, 35. One day after that deadline passed on February 19, 2025, Real Alloy Recycling immediately moved for a Clerk's Entry of Default, which was granted and entered the following day. DE 44, 45. Neither Real Alloy Recycling, nor any other interested party, ever filed a motion for default judgment. On March 18, 2025, counsel for the Mechanical Defendants filed his appearance, and subsequently filed the instant motion to set aside the default. DE 55, 57.

In the motion, Mannely Jones, the owner of Mechanical Industrial Services 1 and Mechanical Maintenance 1, explains that while the complaint was served at her

2

registered address, she was not aware of the complaint until late February 2025. DE 57-1 at 2-3. She only spends about 5% of her time at that residence. *Id*. Her daughter, who collects mail for her, did not recognize that Jones had been served legal filings when they arrived. *Id*. Nevertheless, within days of learning of the complaint, Jones promptly sought legal representation. *Id*. On March 3, 2025, she signed an engagement letter with Haller Colvin, P.C. to represent her and her businesses. *Id*. Two weeks later, her attorneys filed their appearance and the motion to set aside the default. DE 55, 57. The Mechanical Defendants argue that they had good cause for missing the deadline by which to file an answer, took quick action to remedy the mistake, and have a meritorious defense to the complaint. In its response, Real Alloy Recycling only addresses the meritoriousness of the Mechanical Defendants' defense. DE 60. The Mechanical Defendants also seek leave to file a belated answer to crossclaims asserted by Keystone Industrial Services; Keystone has not filed any objection to this request.

**Analysis**

Under Rule 55 of the Federal Rules of Civil Procedure, a court may set aside an entry of default for good cause. FED. R. CIV. P. 55(c). The Seventh Circuit has established a three-element test that the moving party must establish to set aside a default: (1) good cause for setting aside the default; (2) quick action to correct the entry of default and (3) a meritorious defense to the complaint or claim. *Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 630-631 (7th Cir. 2009). This standard is more lenient than the standard for setting aside a default judgment, and courts must be

3

mindful of the preference to resolve cases on their merits rather than by default judgment. *See Arwa Chiropractic, P.C. v. Med-Care Diabetic & Med. Supplies, Inc.*, 961 F.3d 942, 948-49 (7th Cir. 2020); *Cracco*, 559 F.3d at 631. A lower court's decision to set aside a default is given "great deference" and will only be reversed if the court abused its discretion. *Swaim v. Moltan Co.,* 73 F.3d 711, 722 (7th Cir. 1996); *Sun v. Bd. of Trs. of the Univ. of Ill.,* 473 F.3d 799, 810 (7th Cir. 2007).

The first element, good cause, requires the moving party to explain its failure to meet the deadline to file its answer, while the second element requires the party to show it acted in timely fashion to have the default set aside. *Cracco,* 559 F.3d at 631. Courts should consider whether the party willfully ignored the pending litigation or if they failed to answer due to inadvertence. *Id.* (*citing Passarella v. Hilton Int'l Co.*, 810 F.2d 674, 677 (7th Cir. 1987). A party has a meritorious defense to a complaint when they make a legal argument that is not merely conclusory and provides a factual basis for the defense. *Cracco*, 559 F.3d at 631. Merely denying the allegations is not sufficient, but rather the party must show a "cognizable" defense beyond bare legal conclusions. *Pretzel & Stouffer, Chartered v. Imperial Adjusters, Inc.*, 28 F.3d 42, 46 (7th Cir. 1994) (*citing Merrill Lynch Mortg. Corp. v. Narayan*, 908 F.2d 246, 252 (7th Cir. 1990) and *Breuer Electric Manuf. Co. v. Toronado Systems of America,* 687 F.2d 182, 186 (7th Cir. 1982)).

Here, the Mechanical Defendants demonstrate good cause and timely action. Mannely Jones spends the vast majority of her time away from her registered address, and her daughter who received the complaint did not recognize it as a legal

4

filing. When Jones learned of the legal action against her and her companies, she quickly sought legal representation. Within one week, she had obtained representation, and within two more weeks, her attorneys filed their appearance, the motion, Jones' declaration, and attached proposed answers to Real Alloy Recycling's counterclaim and Keystone's crossclaim. DE 57. It is hard to imagine taking much quicker action than that. Though one could fairly question Jones's use of a registered address where she minimally resides, this was not an example of willfully avoidance of litigation.

As to the third element, the Mechanical Defendants make a sufficient showing at this stage that they have meritorious defenses to the claims against them. They argue that should not be held liable for damages that they allege were self-inflicted by Real Alloy Recycling. DE 57 at 4. Additionally, they argue their work was impacted by the decision to rush the work project, for which they claim they are not at fault. *Id.* at 5. There are further factual disputes that Real Alloy Recycling and the Mechanical Defendants spend the bulk of their respective briefs discussing. The pending motion to set aside entry of default is not the place for the Court to resolve these factual disputes. Instead, I must only determine whether the Mechanical Defendants have made a meritorious defense which goes beyond mere legal conclusions and is supported by a sufficient factual basis. The opposing parties in this case are on notice of the asserted defenses and the Mechanical Defendants have provided the factual basis for the same. This is the "purpose and intent" of Rule 55(c) and it has been fulfilled. *See Sims v. EGA Prods.*, 475 F.3d 865, 868 (7th Cir. 2007).

5

## Conclusion

For the reasons discussed, the Court **RECOMMENDS** that the District Court **GRANT** Counterclaim/Crossclaim Defendants' Motion to Set Aside Entry of Default [DE 57] and **VACATE** the entry of default entered on February 20, 2025 [DE 45].

This Report and Recommendation is submitted pursuant to 28 U.S.C. § 636(b)(1)(C). Pursuant to 28 U.S.C. § 636(b)(1), the parties shall have fourteen days after being served with a copy of this Recommendation to file written objections thereto with the Clerk of Court. The failure to file a timely objection will result in waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. *Willis v. Caterpillar, Inc.*, 199 F.3d 902, 904 (7th Cir. 1999); *Hunger v. Leininger*, 15 F.3d 664, 668 (7th Cir. 1994); *The Provident Bank v. Manor Steel Corp.*, 882 F.2d 258, 260-261 (7th Cir. 1989); *Lebovitz v. Miller*, 856 F.2d 902, 905 n.2 (7th Cir. 1988).

SO ORDERED this 9th day of May 2025.

/s/ *Abizer Zanzi*
MAGISTRATE JUDGE ABIZER ZANZI
UNITED STATES DISTRICT COURT